# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
### 1:25-cv-168-MR-WCM

| | | |
|---|---|---|
| THE TOWERS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | MEMORANDUM AND |
| v. | ) | RECOMMENDATION |
| | ) | |
| POLK COUNTY, NORTH CAROLINA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Defendant's Partial Motion to Dismiss (Doc. 6), which has been referred to the undersigned for the entry of a recommendation pursuant to 28 U.S.C. § 636.

## I.      Relevant Procedural History

On June 9, 2025, The Towers, LLC ("Plaintiff") filed its Complaint against Polk County, North Carolina ("Defendant"). Doc. 1.

On August 8, 2025, Defendant filed the Partial Motion to Dismiss along with a supporting memorandum and an Answer. Docs. 6, 7, 10. Plaintiff has responded to the Partial Motion to Dismiss and Defendant has replied. Docs. 11, 13.

## II.      Plaintiff's Allegations and Claims

Plaintiff constructs towers and other wireless network facilities. Doc. 1 at ¶ 23. To improve the coverage and capacity of its wireless

1

telecommunications network in and around Polk Country, North Carolina, Verizon Wireless "engaged Plaintiff to develop a new wireless telecommunications facility" and, to that end, Plaintiff sought permits to build a wireless tower (the "Proposed Tower") on a site located near Columbus, North Carolina. Id. at ¶¶ 23-33.

Plaintiff alleges that in order to construct a wireless telecommunications facility in Polk County, an applicant must obtain (1) a Tower Permit, and (2) a Special Use Permit. Id. at ¶ 36.

On March 4, 2025, the Polk County Board of Adjustment (the "Board") granted an application by Plaintiff for a Tower Permit. Id. at ¶¶ 41-42.

On April 8, 2025, the Board held a hearing on an application by Plaintiff for a Special Use Permit. Id. at ¶ 43. The Board heard testimony from a real estate appraiser and Plaintiff provided the Board with maps, photographic simulations of the Proposed Tower, a narrative explanation of the need for the Proposed Tower, and an impact study. Id. at ¶¶ 47-48, 51-54. Additionally, the Board heard testimony from residents of Polk County who opposed the application for a Special Use Permit. Id. at ¶¶ 49-50.

On April 15, 2025, the Board met again to consider Plaintiff's Special Use Permit application; the Board ultimately "did not approve" Plaintiff's application, which was "deemed denied." Id. at ¶¶ 55, 61-62.

Plaintiff asserts that the Board's denial of its Special Use Permit application violated the Federal Telecommunications Act of 1996 (the "TCA") because the Board's decision was not in writing and was not supported by substantial evidence (Count One), and further because the denial has the effect of unlawfully prohibiting the provision of personal wireless services (Count Two). Id. at ¶¶ 65-83 (citing 47 U.S.C. §§ 332(c)(7)(B)(iii); 332(c)(7)(B)(i)(II)).

Additionally, Plaintiff seeks judicial review, pursuant to N.C. Gen. Stat. § 160D-1402, of the Board's decision, contending that it was not supported by competent, material, and substantial evidence (Count Three), was in violation of the TCA and the North Carolina Wireless Telecommunications Act (Count Four), and was arbitrary and capricious (Count Five). Id. at ¶¶ 84-96.

## III.   Legal Standard

By the Partial Motion to Dismiss Motion, Defendant argues that this Court should abstain, under Burford v. Sun Oil Co., 319 U.S. 315 (1943), from considering Plaintiff's state law claims (Counts Three, Four, and Five).

"The Fourth Circuit has not decided whether a court entertaining an abstention argument should apply a Rule 12(b)(1) or 12(b)(6) standard," and "[d]istrict courts have allowed abstention challenges to be raised under both a Rule 12(b)(1) and Rule 12(b)(6) motion." Johnson v. PennyMac Loan Servs., LLC, No. 4:21-cv-815-TLW-TER, 2022 WL 410078, at *3 (D.S.C. Jan. 19, 2022) (citing Williams v. Estates, LLC, No. 1:19-cv-1076, 2020 WL 887997, at *8 n.6

(M.D.N.C. Feb. 24, 2020) (collecting cases)). However, one court has found "Rule 12(b)(6) seems to be the most appropriate vehicle for abstention arguments given that such doctrines presuppose that federal court jurisdiction exists (rather than a lack of subject matter jurisdiction as challenged by Rule 12(b)(1)) …." Id.

## IV. Discussion

### A. Abstention

"In Burford, the Supreme Court held that a federal district court sitting in equity may, in its discretion, decline to exercise its jurisdiction in certain circumstances if abstention is necessary to show proper regard for a state government's domestic policy." Pomponio v. Fauquier Cnty. Bd. of Supervisors, 21 F.3d 1319, 1324 (4th Cir. 1994) (citing Burford, 319 U.S. at 317-18), partially overruled on other grounds by, Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 728–31 (1996). While there is no "formulaic test for Burford abstention," the "Supreme Court has admonished the federal courts to respect the efforts of state governments to ensure uniform treatment of essentially local problems." MLC Automotive, LLC v. Town of Southern Pines, 532 F.3d 269, 280 (4th Cir. 2008) (citing Quackenbush, 517 U.S. at 726-27; Johnson v. Collins Ent. Co., 199 F.3d 710, 719 (4th Cir. 1999)) (internal quotation marks omitted).

Case 1:25-cv-00168-MR-WCM    Document 21    Filed 02/19/26    Page 4 of 13

The Fourth Circuit has held that <u>Burford</u> abstention is appropriate in cases involving "a complex state regulatory scheme concerning important matters of state policy." <u>Aluminum Co. of America v. Utilities Comm'n of State of N.C.</u>, 713 F.2d 1024, 1029 (4th Cir. 1983) (affirming the district court's abstention decision in a case involving the setting of electricity rates). Further, the Fourth Circuit has "reiterated that state and local zoning and land use law is particularly the province of the State," has stated that "federal courts should be wary of intervening in that area in the ordinary case," <u>Pomponio</u>, 21 F.3d at 1327 (citing <u>Browning–Ferris, Inc. v. Baltimore Cnty., Md.</u>, 774 F.2d 77, 79-80 (4th Cir. 1985)), and has explained that

> In cases in which plaintiffs' federal claims stem solely from construction of state or local land use or zoning law, not involving the constitutional validity of the same and absent exceptional circumstances…the district courts should abstain under the <u>Burford</u> doctrine to avoid interference with the State's or locality's land use policy.

> <u>Id</u>. at 1328.

However, the <u>Pomponio</u> court also recognized that in certain circumstances that "reflect[] the presence of a genuine and independent federal claim," <u>Burford</u> abstention is inappropriate. <u>Id</u>.

In this case, Plaintiff has asserted claims under both the TCA and state law stemming from the denial of its Special Use Permit application. Defendant argues that this Court should abstain from exercising jurisdiction over

5

Plaintiff's state law claims because "local land use decisions are quintessential state interests." Doc. 7 at 1; see also Doc. 7 at 7-16 (arguing that Plaintiff's state law claims fall under a complex regulatory scheme that North Carolina has implemented to manage land use issues, that Plaintiff's state law claims raise important issues of state or local policy, and that state law provides a specific avenue for judicial review of a planning board's decisions).

The Middle District of North Carolina in AT&T Wireless PCS, Inc. v. Winston-Salem Zoning Board of Adjustment, 11 F. Supp.2d 760 (M.D.N.C. 1998), affirmed in part and reversed in part, 172 F.3d 307 (4th Cir. 1999), though, rejected a similar argument. There, the plaintiff alleged violations of the TCA based on the defendant's denial of an application for a special use permit to erect an antenna tower. Id. at 762. The defendant argued, among other things, that abstention was appropriate because the case dealt with issues of land use planning, that the defendant's denial of the special use permit application was based upon an "extensive state and local regulatory scheme designed for appeal to state courts," that the state courts had experience dealing with appeals of land use planning decisions, and that the state statutes "mandate[d] that the appeal of zoning authority be made to a particular state court." Id. at 763.

As an initial matter, the Middle District found "persuasive the Board's arguments for why a federal court should abstain from involving itself in a

locality's land use decisions" and explained that "[a]bsent special circumstances," it "would not entertain general appeals from a zoning board's judgment." Id. The court went on to find, though, that the plaintiff had alleged "special circumstances" that counselled against abstention. Id. Specifically, the court explained that while the TCA preserved the "decision-making role of local zoning authorities," the act "expressly places limitations, both substantive and procedural, on the power to make zoning decisions regarding wireless towers" including that any denial of a request to construct a tower must be "in writing supported by substantial evidence…." Id. (citing 47 U.S.C. § 332(c)(7)(B)(iii)).

On appeal, the Fourth Circuit noted that:

> The Zoning Board . . . takes issue with the district court's declining to abstain in this case. That position is not well taken. 47 U.S.C. § 332(c)(7)(B)(v) provides that any person adversely affected by any final action of an instrumentality of state or local government that is inconsistent with "this subparagraph" of the statute may commence an action in any court of competent jurisdiction, which court may hear and decide such actions. We think that subsection (v) gives jurisdiction to the district court and, since it refers specifically to this part of the statute dealing with zoning, precludes in cases in which a non-frivolous claim has been stated for a violation of the statute, the dismissal of a claim for want of jurisdiction or abstaining from deciding a claim in which jurisdiction of this statute has been claimed, as here.
>
> AT&T Wireless PCS, 172 F.3d at 312 n.3.

The plaintiff in <u>AT& T Wireless PCS</u> appears to have asserted only claims under the TCA, and not related state law claims. But <u>AT& T Wireless PCS</u> remains instructive and counsels against abstention here. In that regard, Plaintiff has asserted federal claims arising under the TCA, and those claims may require the Court to analyze the Board's decision to deny Plaintiff's Special Use Permit application in a manner similar to Plaintiff's state law claims. <u>Compare</u> 47 U.S.C. § 332(c)(7)(B)(iii) ("Any decision by a State or local government or instrumentality thereof to deny a request to place, construct, or modify personal wireless service facilities shall be in writing and supported by substantial evidence contained in a written record.") <u>with</u> N.C. Gen. Stat. § 160D-1402(j)(1) (directing the reviewing court to consider whether the local decision-making body's decision was, among other things, "unsupported by competent, material, and substantial evidence in view of the entire record"); <u>also compare</u> <u>New Cingular Wireless PCS, LLC v. Fairfax Cnty. Bd. of Supervisors</u>, 674 F.3d 270, 274 (4th Cir. 2012) (acknowledging the TCA's requirement at § 332(c)(7)(B)(iii) and identifying the federal review standard as whether the local decision "has substantial support in the record as a whole" and "whether the record contains such relevant evidence that a reasonable mind might accept as adequate to support the Zoning Board's conclusion") (internal citations and quotation marks omitted) <u>with</u> <u>JWL Invs., Inc. v. Guilford Cnty. Bd. of Adjustment</u>, 133 N.C. App. 426, 429 (1999), <u>disc. review</u>

8

<u>denied</u>, 351 N.C. 357 (1999) ("[I]f the petitioner contends the Board's decision was not supported by the evidence or was arbitrary and capricious, then the reviewing court must apply the whole record test. It is not the function of the reviewing court, upon writ of certiorari under [former N.C. Gen. Stat. § 160D-1402(j)], to find the facts, but instead, it is to determine if the findings made by the Board are supported by the evidence.") (internal citations and quotation marks omitted).

### B. Supplemental Jurisdiction

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy. . . ." 28 U.S.C. § 1367(a); <u>see also</u> <u>United Mine Workers of Am. v. Gibbs</u>, 383 U.S. 715, 725 (1966) (for a district court to assert pendent or ancillary, now known as supplemental, jurisdiction over state law claims: (1) "the federal claim must have sufficient substance to confer subject matter jurisdiction on the court," (2) the "state and federal claims must derive from a common nucleus of operative fact," and (3) the "claims are such that [the plaintiff] would ordinarily be expected to try them all in one judicial proceeding").

Section 1367 also enumerates instances in which a district court may decline to exercise supplemental jurisdiction, including when a claim "raises a

novel or complex issue of State law," where a state law claim "substantially predominates over the claim or claims over which the district court has original jurisdiction," and when, "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c).

Here, Defendant argues that if the Court does not abstain it should decline to exercise supplemental jurisdiction over Plaintiff's state law claims because those claims raise complex issues of state law and predominate over Plaintiff's TCA claims. See Doc. 7 at 17-24.

As discussed above, however, Plaintiff has asserted independent federal claims arising under the TCA and it is not apparent at this juncture that Plaintiff's state law claims substantially predominate over those federal claims.

Further, courts in this district have reviewed zoning board decisions pursuant to North Carolina law. See Catherine H. Barber Memorial Shelter, Inc. v. Town of North Wilkesboro Bd. of Adjustment, 576 F. Supp.3d 318, 328, 330-35 (W.D.N.C. 2023) (reciting the standard of review from Section 160D-1402 and stating that if "a plaintiff contends that the local governmental body's decision was either (1) arbitrary or capricious or (2) was not supported by competent, material, or substantial evidence, as is the case here, a court is required to conduct a whole record review" before concluding the defendant made "clear legal errors" and continuing "to evaluate the Board's reasoning

10

based on any remaining competent evidence," before finally determining "that the Board's denial of the [permit] violated North Carolina law" and remanding the matter to the Board of Adjustment of the Town of North Wilkesboro with instructions to grant a conditional use permit) (citing Mann Media, Inc. v. Randolph Cnty. Planning Bd., 356 N.C. 1, 13 (2002); Citizens Bank & Tr. Co. v. Reid Motor Co., 216 N.C. 432, 5 S.E.2d 318, 320 (1939)).

Finally, the undersigned is not persuaded that Defendant has established that there are other compelling reasons for which the Court should decline to exercise supplemental jurisdiction here where Plaintiff's federal and state law claims all arise out of a common nucleus of operative facts. See City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 168-69 (1997) ("There is nothing in the text of § 1367(a) that indicates an exception to supplemental jurisdiction for claims that require on-the-record review of a state or local administrative determination. Instead, the statute generally confers supplemental jurisdiction over 'all other claims' in the same case or controversy as a federal question, without reference to the nature of review."); White v. County of Newberry, S.C., 985 F.2d 168, 171-72 (4th Cir. 1993) (concluding that the district court properly exercised supplemental jurisdiction over the plaintiff's state law inverse condemnation claim where the plaintiff was also asserting a federal claim under CERCLA because both claims shared a common element); see also T-Mobile Ne. LLC v. City Council of City of Newport

11

News, Va., No. 4:10-cv-82, 2011 WL 1086496, at \*1-2, 9 (E.D. Va. Feb. 4, 2011) (reviewing  a summary judgment motion in a case involving claims under the TCA and Virginia state law and stating that it "seems without question that the state and federal claims arose from a common nucleus of operative fact," but declining to exercise supplemental jurisdiction over the "state law claim that the denial of the [permit] was an arbitrary, capricious, unlawful decision" because the plaintiff did not timely file an appeal of the local agency's decision . . ."); cf. Hellbender, Inc. v. Town of Boone, No. 5:12CV45-RLV, 2013 WL 1349286, at \*2 (W.D.N.C. Mar. 31, 2013) ("If Plaintiffs' filing is construed *solely* as a 'Petition for Writ of Certiorari,' [citing former N.C. Gen. Stat. § 160D-1402] the proper forum for the dispute is the North Carolina Superior Court as opposed to this federal district court.") (emphasis in original).

## V.     Conclusion

For the reasons set forth above, the undersigned **RESPECTFULLY RECOMMENDS** that Defendant's Partial Motion to Dismiss (Doc. 6) be **DENIED**.

Signed: February 18, 2026

W. Carleton Metcalf
United States Magistrate Judge

12

<u>Time for Objections</u>

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636, and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140, 140 (1985); <u>United States v. Schronce</u>, 727 F.2d 91, 94 (4th Cir. 1984).